IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DANTE JAMES HALLING, | ) | |
| | ) | Civil No. 04-1551-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MR. BELLEQUE, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

Dante James Halling
#6053972
3405 Dear Park Drive
Salem, Oregon 97310

    Petitioner, *Pro Se*

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Because petitioner is a state prisoner, the court previously construed the action as one arising out of 28 U.S.C. § 2254.

Petitioner seeks to challenge his current incarceration on the basis that he has fully served his sentence and is entitled to release. Because petitioner has not yet exhausted his state court remedies, the Amended Petition for Writ of Habeas Corpus (#7) is denied, and this case is dismissed, without prejudice.

## BACKGROUND

On June 29, 2004, petitioner was transferred from the Columbia River Correctional Institution to the South Fork Forest Camp, a minimum security institution with no fences. The following day, he escaped from South Fork but was later apprehended. A jury convicted petitioner of Escape in the Second Degree and sentenced him to 60 months of imprisonment, and 24 months of post-prison supervision. Respondent's Exhibit 101.

In this case, petitioner does not challenge the legality of his underlying conviction or sentence. Instead, he claims that he has already served his Escape sentence in full, and asks the court to order his immediate release. Respondent asks the court to deny relief on the Petition because petitioner's claim has not been presented to the Oregon state courts.

2 - OPINION AND ORDER

## DISCUSSION

I. **Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim

3 - OPINION AND ORDER

unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

## II. Analysis.

In Oregon, habeas corpus is the proper mechanism for raising challenges to confinement where the inmate believes his sentence has expired. See Strong v. Gladden, 225 Or. 345, 351 (1961); Neal v. Maass, 94 Or.App. 119, 121 (1988). Because there is no evidence in the record that petitioner has challenged his continued confinement in a state habeas corpus proceeding, he has not fairly presented his claim to Oregon's courts. As it appears that the state habeas remedy remains available to petitioner, his claim regarding his allegedly unlawful continued incarceration appears to simply be unexhausted, not procedurally defaulted.

Petitioner asserts that the sentence he challenges was imposed by a federal court, therefore no state court can offer him any relief and the exhaustion requirement should be excused. The record before the court reveals that petitioner is incarcerated within the Oregon Department of Corrections pursuant to a Tillamook County judgment. Since petitioner is in state custody pursuant to a state court judgment, the Oregon state courts have jurisdiction to entertain petitioner's claims in a state habeas corpus petition.

4 - OPINION AND ORDER

Petitioner also argues that he should not be required to pursue his state habeas corpus remedy because that remedy will cause unnecessary delay. Because the state courts can provide petitioner with the same remedy he seeks here, the court finds this argument to be unpersuasive.

For all of these reasons, the court dismisses this case because petitioner has not yet fairly presented his claim to Oregon's state courts. The dismissal is without prejudice to petitioner's right to refile another federal action once he has fairly presented his claim to Oregon's state courts.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#7) is DENIED, and this case is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this 15 day of November, 2005.

Michael W. Mosman
United States District Judge

5 - OPINION AND ORDER